## In re INSTITUTE OF PRACTICAL ARTS.
### No. 18603.

District Court, W. D. Pennsylvania.
Oct. 20, 1934.

William R. Dennison, of Washington, Pa., referee.

W. W. Parkinson, trustee in bankruptcy of Institute of Practical Arts, Old Concord, Pa.

Alexander McIlvaine, Jr., and McIlvaine & McIlvaine, all of Washington, Pa., for trustee.

Wray G. Zelt, Jr., of Washington, Pa., for bankrupt corporation.

Hamilton & Pipes and Clyde S. Pipes, all of Washington, Pa., for C. L. McKee, claimant.

GIBSON, District Judge.

The referee has denied the petition of Rev. C. L. McKee, D. D., for the reclamation of certain cattle which were upon the premises of the bankrupt when the petition in bankruptcy was filed, and the matter has been certified to this court for review.

The bankrupt conducted a school, with farm connected, the object of which was to educate boys of foreign birth in practical arts. Its president for some years was Dr. McKee, the petitioner. Although the institute was supposed to be operated by a board of directors, he was practically in entire charge.

Many of the facts involved in the instant matter are not in dispute. The farm, at a time some four years prior to bankruptcy, had a large amount of hay without any market. Dr. McKee, with his own money and without an authorization from the directors, purchased twenty-one Hereford cattle, registered them in his own name, and placed them upon the farm of the bankrupt, where they

remained for approximately four years. During this time the school had their milk and increase.

When the cattle were purchased, it was unquestionably the intention of Dr. McKee that the institute should ultimately acquire them. No formal bill of sale was ever executed, and the school never had funds sufficient to pay for them. Dr. McKee contends that the ownership in the cattle always remained in him, while the trustee asserts that the ownership was in the institute, and that Dr. McKee has the status of a creditor for the amount of the purchase price.

 The position of a referee in passing upon disputed questions of fact is analogous to that of a special master appointed to take testimony and report his conclusions. His findings are not to be disturbed unless unsupported by evidence or plainly wrong. An examination of the notes of evidence produced before the referee in the present matter discloses testimony sufficient to form a basis for his finding. This being so, we cannot consistently reverse the order, even though we might have reached a contrary opinion had the testimony been presented to us in the first place.

The order of the referee will be sustained.